## IN THE CIRCUIT COURT OF CROSS COUNTY, ARKANSAS
## CIVIL DIVISION

**LARRY G. JONES, JR.**
**And DANA D. JONES**                                          **PLAINTIFFS**

No. 19CV-16-51-3

**GLOCK, INC., a Georgia**
**Corporation, and GLOCK Ges.m.b.H.,**
**An Austrian Corporation**                                   **DEFENDANTS**

## COMPLAINT

Come now the Plaintiffs, Larry G. Jones, Jr. and Dana D. Jones, husband and

wife, and for their causes of action and claims for relief as against the Defendants,

Glock, Inc. and Glock Ges.m.b.H., and allege and state:

1.      (a)   That at the time of the occurrence, which is the subject of this

complaint, the Plaintiffs were residents of Cherry Valley, Cross County, Arkansas,

United States of America.   That the injury to the Plaintiffs, upon which the claims

and causes of action are alleged herein, occurred in Cross County, State of Arkansas,

United States of America.   Plaintiffs were at all times relevant herein citizens and

residents of Cross County, State of Arkansas, United States of America.   Cross

County is the proper venue pursuant to and in accordance with A.C.A. § 16-60-101.

FILED - RHONDA SULLIVAN
CLERK AND EX-OFFICIO RECORDER
11:03
MAY 0 3 2016
CROSS COUNTY, ARKANSAS
BY _____ D.C.

(b)   That the matter in controversy, as alleged herein, exceeds the sum or value of $75,000.00, exclusive of interest and costs.

2.   That the Defendant, Glock, Inc., is a domestic, for profit corporation, organized and existing under the laws of the State of Georgia, with its principal place of business at 6000 Highlands Parkway, Smyrna, Georgia, 30082; and registered agent for service of process in the State of Arkansas as National Registered Agents, Inc., 124 W. Capitol Avenue, Suite 1900, Little Rock, Arkansas, 72201.

3.   (a)   That the Defendant, Glock Ges.m.b.H., is an Austrian corporation, which trades and does business regularly within the United States of America and in the State of Arkansas.   That said Defendant has a principal office for business at Hausfeldstrasse 17, Deutch-Wagram, Austria A2232.

(b)   That the Defendant, Glock Ges.m.b.H, having representatives in the United States of America, to-wit, Glock, Inc. as its designated and named business agent and distributor for Glock pistols, including the hereinafter described Glock pistol, in and throughout the United States of America, who has caused damage and injury to residents, the plaintiffs named herein, in the State of Arkansas by committing a tort in the State of Arkansas, and who may be served with process pursuant to the Arkansas long arm statute and via U.S. and international postal

2

service; further, Glock Ges.m.b.H. is a foreign corporation with its principal place of business located in Austria, but having representatives and affiliates in the United States to-wit, Glock, Inc., and its duly authorized, designated and named agent and distributor for its products in and throughout the United States; and further, that the defendant, Glock, Inc., is the alter ego of Glock Ges.m.b.H and service upon Glock Ges.m.b.H. may also be made by delivering to and service upon Glock, Inc. at its corporate offices and address.

4.      That the Plaintiffs' causes of action and claims for relief arise from the defendants transacting business in the State of Arkansas; transacting to supply services or things in the State of Arkansas; having caused tortuous injury in the State of Arkansas by an act or omission outside the State of Arkansas; that the Defendants regularly did and solicited business and/or engaged in other persistent courses of conduct in the State of Arkansas; said Defendants derived substantial revenues from goods and/or services consumed and/or used in the State of Arkansas; and that the Defendants did place in the stream of commerce in the United States of America and in the State of Arkansas the Glock pistol, hereinafter described, which is the subject of this litigation.   Said Glock pistol was purchased and used in the State of Arkansas.

3

5.      That the product (Glock pistol) that is the subject of this litigation is described as a Glock semi-automatic pistol, Model 19C Austria 9x19, serial number DRN558.

6.      That the Defendants, and each of them, individually and/or in combination, did design, manufacture, construct, fabricate, assemble, attest, merchandise, advertise, promote, sell and distribute said Glock pistol; further, said Defendants did design, write, promote and/or approve the instructional manual and advertising and sales literature with reference to said Glock pistol.

7.      That the Plaintiff, Larry G. Jones, Jr., at the time of the gunshot injury on June 21, 2013, was a policeman in and for Cherry Valley, Cross County, Arkansas.   That the said Plaintiff was the owner of the aforementioned Glock pistol and on June 21, 2013, the Plaintiff was on a firing range and had been doing some routine shooting with the said Glock pistol; and at the conclusion of said shooting with said Glock pistol, was attempting to place the tactical light on said Glock pistol, and during said procedure, said Glock pistol fired and discharged a round, causing injuries and damages to the plaintiffs as hereinafter more specifically alleged.   That just prior to and at the time of the discharge of said Glock pistol, the plaintiff was using said Glock pistol in a reasonable and foreseeable manner, when the Glock pistol discharged in a manner, unexpected and/or unanticipated, and improperly.

4

Said Glock pistol discharged because of the design defects in said Glock pistol and negligence of defendants as hereinafter more specifically alleged. The said subject Glock pistol had not been modified or changed since the time of the purchase of said Glock pistol on December 15, 2000, from Camoflauge Connection, 860 North 7th Street, West Memphis, Arkansas, 72301.

8. That the Defendants, and each of them, individually, jointly and/or in combination, were in the business of designing, manufacturing, assembling, and/or selling Glock pistols and more specifically the above described Glock pistol. That the said Glock pistol was supplied by the Defendants in a DEFECTIVE condition which rendered said Glock pistol UNREASONABLY DANGEROUS and further that the said DEFECTIVE conditions in said Glock pistol were a proximate cause of the injuries and damages to the Plaintiffs as hereinafter more specifically alleged. That said Glock pistol was DEFECTIVE and UNREASONABLY DANGEROUS at the time of the gunshot injury on June 21, 2013, and at the time said Glock pistol left the possession of the Defendants, and each of them; and that said defects in said Glock pistol were a proximate cause of the injuries and damages to the Plaintiffs, as hereinafter more specifically alleged. Said Glock pistol was DEFECTIVE in one or more of the following particulars, to-wit:

a.  said Glock pistol did not have a manual safety and/or any safety so as to prevent an accidental discharge of said Glock pistol;

b.  said Glock pistol did not have adequate safety devices designed and built into said pistol;

c.  said Glock pistol would fire and discharge a round without an intentional trigger pull;

d.  said Glock pistol did not have a "trigger block" safety;

e.  said Glock pistol did not have a "decocking device" and/or "magazine safety;"

f.  said Glock pistol did not have adequate warnings and an adequate warning statement on the frame or slide of said pistol;

g.  said Glock pistol had a DEFECTIVE trigger pull;

h.  said Glock pistol failed to perform as safely as an ordinary consumer (and owner and user of the pistol at the time of the accident) would expect said pistol to perform when used in an intended or reasonably foreseeable manner;

i.  that the use for which the Glock pistol in this case was being used, at the time of the accident, was in a reasonably foreseeable manner and said use involved a substantial danger that would not and was not

readily recognized by the ordinary consumer and the owner and user of the Glock pistol at the time of the accident; and the Defendants failed to give adequate warnings of such danger;

j.  that in the light of all relevant factors considered, the benefits of the design of said Glock pistol did not outweigh the risk of the dangers inherent in such design, that is, the benefits of a pistol without a manual safety did not outweigh the risk of dangers inherent in such a design because of the fact that said Glock pistol will fire and discharge a round, in such a situation, with a slight bump, blow or jar to said Glock pistol, without an intentional trigger pull; and

k.  that said Glock pistol was defective and unreasonably dangerous from a design "human factors" point of view in that said Glock could not be handled consistently without the user thereof having an accidental discharge while attempting to handle and use said Glock pistol.  This fact, defective from a design human factors point of view, is proved and evident from the fact that more than one-third of all accidental discharges occur while said Glock pistol is being used, handled and/or in the possession of a police officer wherein said police officer has training and requirements for frequently maintaining the police

7

officer's status with use of the Glock pistol; and even at that, police

officers consistently have accidental discharges of the Glock pistol as

hereinafter more specifically alleged.

That said defects in said Glock pistol, acting both singularly and/or in combination

each with the other, were a proximate cause of the injuries and damages of the

Plaintiffs as hereinafter more specifically alleged.

      9.    That the Defendants, and each of them, individually and/or jointly, had

a duty to give a reasonable and adequate warning of the dangers inherent and/or

reasonably foreseeable in connection with the use and handling of the said Glock

pistol.  Notice was given to the Defendants in connection with the dangerous,

inherent, and foreseeable dangers in connection with the use of the Glock pistol by

the many notices and lawsuits filed against the Defendants of accidental discharges

of the Glock pistol, not only by the ordinary civilian users but also by police officers

who have special training in connection with the use, handling and firing of the

Glock pistol; and based upon said notice so given to the Defendants of said

numerous accidents and unintentional discharge of the Glock pistol, Defendants

should have warned of such accidental discharges as a result of the lack of any

external manual safety devices and the defective trigger mechanism on said Glock

pistol.  The fact is, the Glock pistol, without any such safety devices, is the subject

of United States Patent No. 5,655,326, issued August 7, 1997, and said patent outlines and states specifically several defects and deficiencies in the Glock pistol and states methods and procedures to correct those defects. A violation of the duty to issue such warnings, and actually recall and modify the DEFECTIVE and UNREASONABLY DANGEROUS Glock pistol, was negligence on the part of the Defendants, and each of them. The dangerous and DEFECTIVE condition in said Glock pistol was not reasonably obvious to a user of the Glock pistol and particularly to the Plaintiffs herein, and said DEFECTIVE and UNREASONABLY DANGEROUS condition in said Glock pistol was not an obvious danger that should have been discovered by the Plaintiffs.

10.   That the Defendants, and each of them, were guilty of carelessness and NEGLIGENCE in the following particulars in connection with the design, manufacture, construction, fabrication, assembly, testing, merchandising, advertising, promoting, selling, distributing and designing, writing and promoting the instruction material and sales literature in connection with said Glock pistol, to-wit:

a.   in designing, manufacturing and selling the subject Glock pistol without an adequate safety system;

b.   in designing, manufacturing and selling a defective pistol;

9

c.      in designing, manufacturing and selling a defective pistol which would fire and discharge a round without an intentional trigger pull;

d.      in not performing adequate tests in order to determine under what circumstances the said Glock pistol would fire and discharge a round without an intentional trigger pull;

e.      in failing to provide adequate warnings to Plaintiff with reference to the proper and safe use of the subject Glock pistol;

f.      in failing to recall and/or retrofit the said subject Glock pistol;

g.      in failing to effectively recall the said subject Glock pistol after having received notice of the hazards in connection with the use of said subject Glock pistol;

h.      in failing to recommend and provide for training for purchasers and users of a Glock pistol; and

i.      in designing and selling the said subject Glock pistol which contained a defective and unreasonably dangerous trigger mechanism.

That said acts of negligence, acting both singularly and concurrently, were a proximate cause of the injuries and damages to the Plaintiffs as more specifically alleged herein.

11.    That the Defendants, and each of them, did breach an IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE; that Larry G. Jones, Jr. was a person whom Defendants would and should have reasonably expected to use the said Glock pistol which is the subject of this litigation; that at the time of manufacture and sale of said Glock pistol by the Defendants, the Defendants had reason to know the particular purposes for which said Glock pistol would be used and the Defendants knew that the Plaintiffs would be relying upon the skill and judgment of the Defendants, and each of them, to select and use suitable materials in the design, inspection, manufacture, sale and distribution of said Glock pistol; that Defendants, and each of them, failed to use proper skill and judgment in the design, manufacture, assembly, sale and distribution of said Glock pistol which caused said Glock pistol to be UNFIT FOR A PARTICULAR PURPOSE, that is, the purpose for which said Glock pistol was being used at the time of the accident as alleged herein; and that the breach of said IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE was a proximate cause of the injuries and damages to the Plaintiffs as hereinafter more specifically alleged.

12.    That the Defendants, and each of them, did manufacture, sell and distribute the afore-described Glock pistol, and at the time of the accident in this case said Glock pistol was in an UNMERCHANTABLE CONDITION and that the

Plaintiff was a person who might reasonably be expected to use said Glock pistol and be affected by said unmerchantable condition; and the breach of said unmerchantable condition was a proximate cause of the injuries and damages to Plaintiffs as more specifically alleged herein.

13.    That the Defendants, and each of them, were engaged in the business of selling products, that is, firearms, and more specifically the Glock pistol that is the subject of this litigation; and that the Defendants, and each of them, did by advertising, labels, statements and/or otherwise make to the public and to Plaintiffs in this case EXPRESS WARRANTIES concerning the character and/or quality of said Glock pistol which was manufactured, advertised and sold by the Defendants, and each of them; that said Glock pistol did not conform to the EXPRESS WARRANTIES of character and/or quality as created and represented by the Defendants, and each of them, and that the failure of the Glock pistol, which is the subject of this litigation, to conform to the EXPRESS WARRANTIES concerning character and/or quality of said Glock pistol were a proximate cause of the injuries and damages to the Plaintiffs as hereinafter more specifically alleged.

14.    That the Plaintiffs did give notice of said breach of warranties to the Defendants.

15.   That the Defendants, and each of them, as a manufacturer with reference to Glock pistols and specifically the Glock pistol as described herein, had a duty to give a REASONABLE AND ADEQUATE WARRNING of dangers inherent and/or reasonably foreseeable in the use of said Glock pistol, and the said Defendants, and each of them, failed said duty and failed to give adequate warnings; and the failure to give said adequate warnings was a proximate cause of the injuries and damages to the Plaintiffs as hereinafter more specifically alleged.

16.   That the Defendants, and each of them, as a manufacturer with reference to Glock firearms and specifically the Glock pistol as described herein, had a duty to give REASONABLE AND ADEQUATE INSTRUCTIONS with respect to the conditions and methods for the safe use of said Glock pistol when said Glock pistol was used in a reasonably foreseeable manner, and the Defendants failed to give said reasonable and adequate instructions which was a proximate cause of the injuries and damages to the Plaintiffs as hereinafter more specifically alleged.

17.   That the circumstances of the accident in this case as described herein are such that the accidental discharge of the said subject Glock pistol would not have occurred in the absence of a defect; therefore, based upon CIRCUMSTANTIAL EVIDENCE as to how the accident occurred, the said subject Glock pistol was

defective, which was a proximate cause of the injuries and damages to the Plaintiffs as hereinafter more specifically alleged.

18.    That as a proximate result of the negligence of the Defendants, breach of implied and express warranties, defective Glock pistol, and all other legal theories as against the Defendants, all as alleged herein, Plaintiffs, husband and wife, allege damages as is provided by Arkansas law (AMI 2211) for loss of consortium. Plaintiff, Larry G. Jones, Jr., alleges damages for the reasonable value for loss of services, society, companionship, and the marriage relationship of his wife, Dana D. Jones, which was proximately caused by the negligence and fault of the Defendants as alleged herein. Plaintiff, Dana D. Jones, alleges damages for the reasonable value for loss of services, society, companionship, and the marriage relationship of her husband, Larry G. Jones, Jr., which was proximately caused by the negligence and fault of the Defendants as alleged herein.

19.    That as a proximate result of the negligence of the Defendants, breach of implied warranties and breach of express warranties, defective Glock pistol, and other theories as alleged herein, the Plaintiff, Larry G. Jones, Jr., received injuries and damages as follows:

a.    medical expenses, past and future;

b.    pain and suffering, past and future;

**14**

c.      loss of income in the past and loss of income in the future;

d.      decreased earning capacity;

e.      loss of ability to properly walk, play sports, and enjoy life;

f.      scars, disfigurement and permanent partial disability as a result of said injuries; and

g.      loss of consortium as herein alleged in Paragraph 18;

all to Plaintiff's damages in a reasonable and just amount which exceeds the sum or value of $75,000.00, exclusive of interest and costs.

20.     Not in limitation of anything stated herein, with reference to personal injury damages to Larry G. Jones, Jr., said Plaintiff further alleges with reference to the personal injuries to Larry G. Jones, Jr., that: the gunshot injury on June 21, 2013, was that a bullet from said Glock pistol traveled through the left foot of said Plaintiff; the bullet went in the top of the foot and came out the bottom of the foot; said Plaintiff had surgery on June 22, 2013, and has had substantial medical treatment subsequent to June 21, 2013, for said gunshot injury, and one of the sequela of said gunshot injury was "Reflex Sympathetic Dystrophy (RSD) Syndrome."   Said RSD Syndrome has caused substantial pain and physical disability to said Plaintiff.   That as a result of said pain from said RSD Syndrome, the Plaintiff has taken in the past, is currently taking, and will take in the future

substantial pain medication.   Said pain is made worse by changing from sitting to standing, bending or stooping, walking, lifting, or even carrying small loads; said pain interferes with Plaintiff's sleep, mood, relationship with his wife and family members, house chores, walking, exercise, and eliminates any gainful employment. Said pain, from said RSD Syndrome, is permanent and disabling in all aspects of the life of Larry G. Jones, Jr.

21.    That as a proximate result of the negligence of the Defendants, breach of implied warranties and breach of express warranties, defective Glock pistol, and other theories as alleged herein, the Plaintiff, Dana D. Jones, received injuries and damages as follows: loss of consortium as herein alleged in Paragraph 18.   Said Plaintiff, Dana D. Jones, has sustained damages in a reasonable and just amount in excess of the sum or value of $75,000.00, exclusive of interest and costs.

WHEREFORE, the Plaintiffs, Larry G. Jones, Jr. and Dana D. Jones, individually, that is, each Plaintiff prays that each Plaintiff do have and recover judgment for and against the Defendants, Glock, Inc. and Glock Ges.m.b.H., for compensatory damages in a reasonable and just amount in excess of the sum or value of $75,000.00, exclusive of interest and costs, to each Plaintiff; and for all other relief deemed proper and just.

Jim R. Burton
P.O. Box 6063
Jonesboro, AR 72403
870-932-1061
Arkansas Bar No. 76014

GILBREATH LAW FIRM
605 South 21st Street
Fort Smith, AR 72903
479-782-7770

By _____
    E. C. Gilbreath
    Arkansas Bar No. 63017

JURY TRIAL DEMANDED.

17